Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1409 | **DATE** | 12/7/2004 |
| **CASE TITLE** | RICHARD LOWRANCE vs. CYNTHIA CLEMES LOWRANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Richard Lowrance's motion for summary judgment in Case No. 04 C 1409 is denied for now. Richard Lowrance's motion for summary judgment in Case No. 2104 is granted. Status hearing is set for February 9, 2005 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 0 8 2004 date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LOWRANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 1409 |
| | ) | (consolidated with No. 04 C 2104) |
| CYNTHIA CLEMES LOWRANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| CYNTHIA CLEMES LOWRANCE and THOMAS LOWRANCE, | ) ) | **DOCKETED** |
| | ) | DEC 0 8 2004 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 04 C 2104 |
| | ) | |
| RICHARD LOWRANCE, | ) | |
| | ) | |
| Defendant. | ) | |



## MEMORANDUM OPINION AND ORDER

Richard Lowrance, plaintiff in 04 C 1409 and defendant in 04 C 2104, lent money to his sister-in-law, Cynthia Clemes Lowrance, to further her education. The indebtedness was evidenced by promissory notes, with interest at 8%. Cynthia paid off some of the notes, but not all. On November 18, 2003, when Richard sued Cynthia on the outstanding notes, the amount due on the notes was, according to the complaint, either $72,361.64 or $72,439.24. Cynthia removed the case to federal court, claiming that the amount involved exceeded $75,000 because the damages sought also included attorneys' fees and costs, as provided in the notes, and the issues presented required construction of federal statutes. She and her husband, Thomas, also filed their own action against Richard, claiming tortious interference with prospective economic

advantage.

Richard now moves for summary judgment in both cases. We deny it, for now, in 04 C 1409 and grant it in 04 C 2104.

The motion in 04 C 1409 is for summary judgment on the outstanding notes. We are uncertain whether or not we have subject matter jurisdiction in that action. The claim was for slightly more than $72,000 plus costs and fees. This is a diversity action and the jurisdictional threshold is $75,000. It seems unlikely that the accrued fees were more than $2500 when the suit was brought, or even when it was removed. There is no federal question jurisdiction; the federal statute which figures prominently in 04 C 2104 is at best a partial defense (and not a meritorious one, as we shall see) to the state law collection suit.

Moreover, Cynthia claims, by affidavit, that her obligations were modified on or about August 4, 2003, Exhibit B to Cynthia and Thomas Lowrance's Response to Richard Lowrance's Statement of Material Facts. But, says Richard, also by affidavit, Cynthia never accepted his proposed modification. Rather, she countered with her own modification several months later, which he did not accept. Thus he is suing on the notes themselves. While Richard argues that his version was much more likely, it still leaves a factual dispute that cannot be resolved by summary judgment.

04 C 2104 is another matter. Cynthia and her husband claim that Richard refused to cooperate for Cynthia's participation in the EDUCATION DEBT REDUCTION PROGRAM with the Department of Veterans Affairs. According to Cynthia, she was entitled to government assistance of $44,000 to repay student loans, but Richard had to sign a Department of Veterans Affairs form, by which he verified that the loans were legally enforceable commercial, state or government educational loans. He refused, saying he did not want to get involved. According

to Richard, he could not verify that his were qualifying loans because they were not. According to Cynthia, qualifying loans by statute are not limited to government and commercial loans and she told Richard that. The Department of Veterans Affairs had no basis, she contends, for limiting the scope of qualifying loans as it has.

But that quarrel is with the Department of Veterans Affairs, not with Richard. Regardless of the reason he gave, he could not verify that his loans were within the scope of qualifying loans adopted by the Department because they were not. If he had done so, he could well have become the defendant in a charge of violation of 18 U.S.C. §1001. Finally, the further claims of Cynthia and her husband that Richard is in breach of a modification agreement by bringing suit is a defense to 04 C 1409, not an independent claim. A breach of contract does not, except in exceptional circumstances not present here, justify tort or punitive damages.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 7, 2004.